UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDMOND PRICE,<br><br>          Plaintiff<br><br>v.<br><br>NETHANJAH BREITENBACH, et al.,<br><br>          Defendants | Case No.: 3:24-cv-00118-CSD<br><br>**Order Denying Plaintiff's Motions for Injunctive Relief**<br><br>Re: ECF Nos. 25, 26 |

Before the court are Plaintiff's motion for a preliminary injunction (ECF No. 25) and motion for temporary restraining order (collectively "motions for injunctive relief"). (ECF No. 26[1].) Defendants opposed, (ECF No. 29), and Plaintiff replied. (ECF No. 30.)

After a thorough review, Plaintiff's motions for injunctive relief are denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 13.) The court screened Plaintiff's complaint and allowed him to proceed on the following claims: (1) First Amendment retaliation; (2) Fourteenth Amendment equal protection; (3) First Amendment denial of access to the courts; (4) Fourteenth Amendment denial of access to the courts; and (5) Fourteenth Amendment intentional deprivation of property. (*See* Screening Order, ECF No. 12.)

On April 7, 2025, Plaintiff filed a motion for temporary restraining order and motion for preliminary injunction (collectively "motions for injunctive relief"). (ECF Nos. 25, 26.) Plaintiff seeks the court issue an order precluding the NDOC from transferring him to another prison until

---

[1] ECF Nos. 25 and 26 are identical.

the instant case has come to completion. (*See id.*) Plaintiff alleges that he has been repeatedly transferred within NDOC and that each time he is transferred, he loses a large amount of his legal files. (*Id.*) Plaintiff alleges he has been transferred for retaliatory purposes. (*Id.*)

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted).

The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support the issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (citation and quotation marks omitted).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, the PLRA limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

A temporary restraining order is appropriate when irreparable injury may occur before the court can hold a hearing on a motion for preliminary injunction. *See* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999). The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also* 11A The Late Charles Alan Wright & Arthur R.

3

Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for preliminary injunction and the proceeding is not subject to any special requirements."). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

Moreover, in seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

### III. DISCUSSION

Prisoners have no liberty interest in avoiding being transferred to another prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225–27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another

4

state or to federal prisons, without offending the Constitution. *See Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (citing *Meachum*, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause), and *Olim*, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)).

Additionally, the mere pendency of this action does not give the Court jurisdiction over prison officials in general or over the conditions or location of Plaintiff's confinement. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-493 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). However, prisoners may not be transferred in retaliation for exercising their First Amendment rights. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Rizzo*, 778 F.2d at 531; *cf. Gomez v. Vernon*, 255 F.3d 1118, 1127–28 (9th Cir. 2001) (explaining that where an inmate quit his law library job in the face of repeated threats of transfer, the inmate demonstrated a chilling effect in violation of his First Amendment rights).

In order for the court to issue injunctive relief in this case, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology*, 810 F.3d at 636. Here, Plaintiff fails to provide evidence to support the issuance of injunctive relief because there is no nexus between the injunctive relief sought and the underlying claims.

In his declaration, Plaintiff alleges the Classification Committee is planning to send him to Ely State Prison because he did not have a job. (*Id.* at 2-3.) However, when he stated he would get a job, the Committee said he would still be transferred because of his disciplinary history. (*Id.*) Plaintiff alleges the Classification Committee changing the answer for why he would be transferred is proof that the real reason for the transfer is retaliation. (*Id.* at 4.) Plaintiff also states he was transferred three times during a one-year period which serves as evidence that NDOC

5

officials utilize transfers for retaliatory purposes. (ECF No. 25 at 5.)

Critically, Plaintiff's belief that any future transfer would be retaliatory in nature is insufficient to create a connection to the claims at issue in this action. *Mundy v. Sacramento Cnty. Jail Med. Staff*, No. 1:22-CV-00401-ADA-SAB (PC), 2023 WL 4105246, at *1 (E.D. Cal. June 20, 2023), *report and recommendation adopted,* No. 1:22-CV-00401-KES-SAB (PC), 2024 WL 4459333 (E.D. Cal. Oct. 10, 2024) (citing *Pacific Radiation Oncology*, 810 F.3d at 636). When taken as true, the statements made by the Classification Committee show they had two reasons to transfer Plaintiff which were not retaliatory in nature. The court is unpersuaded that the Committee's shift in reasoning conclusively establishes a retaliatory motive where the second reason – disciplinary issues – is undoubtedly a valid reason to reclassify or transfer an inmate to another prison.

As to Plaintiff's use of his previous transfers as "proof" of retaliatory motive, speculative and conclusory allegations relating to past incidents are insufficient to warrant injunctive relief in this action and do not constitute irreparable injury. *Blair v. CDCR*, No. 1:14-cv-01156-LJO-SAB(PC), 2016 WL 8673037, at *1, *report and recommendation adopted*, 2017 WL 1364981 (E.D. Cal. Feb. 24, 2017) (citing *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988)). Plaintiff has therefore failed to establish a sufficient nexus between the underlying claims and the relief sought and therefore the court may not issue injunctive relief in this case. *Pacific Radiation Oncology*, 810 F.3d at 636.

/ / /

/ / /

/ / /

/ / /

### IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motions for injunctive relief (ECF Nos. 25, 26) are **DENIED**.

Dated: May 28, 2025

_____
Craig S. Denney
United States Magistrate Judge